UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MOORE

    Plaintiff,

v.                                                    Case No. 1:17-cv-962
                                                    Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff alleged a disability onset date of February 4, 2013. PageID.249. Plaintiff identified his disabling conditions as diabetes, high blood pressure, high cholesterol, and cannot "read and write very good." PageID.253. Prior to applying for DIB and SSI, plaintiff completed the 9th grade and worked as a punch press operator, an industrial truck driver, a machine feeder, and a cleaner. PageID.59, 254. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on June 2, 2016. PageID.45-61. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ's DECISION

Plaintiff's claim failed at the fourth step. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 4, 2013, and that he met the insured status of the Social Security Act through March 31, 2016. PageID.47. At the second step, the ALJ found that plaintiff had severe impairments of: arthritic changes of the lumbar spine and knees, status-post traumatic amputation of the distal phalanges of the right index and middle fingers; obesity; and, a mild intellectual disability. PageID.48. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.49.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he can perform occasional climbing and balancing as well as occasional pushing and pulling with the lower extremities. He is limited with his right dominant hand to frequent, but not constant, handling and fingering. He is limited to simple repetitive work with occasional public contact.

PageID.52. The ALJ also found that plaintiff was capable of performing his past relevant work as a machine feeder because this work does not require the performance of work-related activities precluded by his residual functional capacity (RFC). PageID.59-60.

Although the ALJ found plaintiff not disabled at the fourth step, he continued to the fifth step because plaintiff also had the ability to perform other work in the national economy. The ALJ found that plaintiff could perform a limited range of unskilled, medium work which included the following occupations in the State of Michigan: machine feeder (15,500 jobs); packager (7,200 jobs); and machine helper (12,500 jobs). PageID.60. Accordingly, the ALJ

4

determined that plaintiff has not been under a disability, as defined in the Social Security Act, from February 4, 2013 (the alleged onset date) through June 2, 2016 (the date of the decision). PageID.70.

### III. DISCUSSION

Plaintiff set forth two issues (with sub-issues) on appeal.

**A. Substantial evidence does not support the ALJ's finding that plaintiff's impairments did not meet and/or equal the criteria of 20 C.F.R. 404, Subpart P, Appendix A, 12.05(C) (Listing 12.05(C)).**

**1. The plaintiff met his burden of establishing disability under 12.05(C).**

**2. Mr. Moore is entitled to a remand for an award of benefits.**

Plaintiff contends that the ALJ erred in failing to find him disabled under Listing 12.05(C). A claimant bears the burden of demonstrating that he meets or equals a listed impairment at the third step of the sequential evaluation. *Evans v. Secretary of Health & Human Services*, 820 F.2d 161, 164 (6th Cir.1987). In order to be considered disabled under the Listing of Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Id.* An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. §§ 404.1525(d); 416.925(d). A claimant does not satisfy a particular listing unless all of the requirements of the listing are present. *See Hale v. Secretary of Health & Human Services*, 816 F.2d 1078, 1083 (6th Cir.1987). If a claimant successfully carries this burden, the Commissioner will find the claimant disabled without considering the claimant's age, education and work experience. 20 C.F.R. §§ 404.1520(d); 416.920(d).

5

Under the general requirements for the listing, 12.00A states in pertinent part as follows:

> The structure of the listing intellectual disability (12.05) is different from that of the other mental disorders listings. Listing 12.05 contains an introductory paragraph with the diagnostic description for intellectual disability. It also contains four sets of criteria (paragraphs A through D). If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing. Paragraphs A and B contain criteria that describe disorders we consider severe enough to prevent your doing any gainful activity without any additional assessment of functional limitations. For paragraph C, we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental ability to do basic work activities, i.e. is a "severe" impairment(s) as defined in 404.1520(c) and 416.920(c).

Plaintiff contends that he meets the requirements of Listing 12.05(C), which states:

> Intellectual disability: intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied. . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]

The court summarized these requirements in *West v. Commissioner Social Security Administration*, 240 Fed. Appx. 692 (6th Cir. 2007):

> In essence . . . a claimant must make three showings to satisfy Listing 12.05(C): (1) he experiences significantly subaverage general intellectual functioning with deficits in adaptive functioning that initially manifested during the developmental period (i.e., the diagnostic description); (2) he has a valid verbal, performance, or full scale IQ of 60 through 70; and (3) he suffers from a physical or other mental impairment imposing an additional and significant work-related limitation of function.

*West*, 240 Fed. Appx. at 697-98.

The ALJ evaluated plaintiff under this listing in pertinent part as follows:

> Finally, the "paragraph C" criteria of listing 12.05 are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. In November 2014, upon administration of the WAIS-IV, the claimant had a verbal comprehension index of 63, a perceptual reasoning index of 77, a working memory index of 77, a processing speed index of 74, and a full scale I.Q., score of 67, results that were considered valid (7F/7-9). *However, the record does not demonstrate deficits in adaptive functioning required by the listing.* At the hearing, the claimant stated he has difficulty reading and that he lives with his sister. He asserted he does not do much around the house. He has a limited education with a history of special education (2E and 16E). He reported he had help when working in the past. However, he has worked in the past at substantial gainful activity, at times performing work that was semiskilled (Testimony and 7D). He testified he lived on his own in the past. He has reported he is able to attend to his personal care without difficulty, prepare some meals, sweep, mop, vacuum, wash dishes and/or laundry, shop, handle money, and drive, testifying he drives a friend to her appointments and the store (4E, 15E, and Testimony). He has been able to seek and participate in treatment for his medication conditions (1F-3F, 6F, and 8F-9F). Accordingly, the undersigned finds the requirements of listing 12.05(C) are not satisfied.

PageID.52 (emphasis added).

The question for the Court is whether the ALJ's decision with respect to Listing 12.05C is supported by substantial evidence. *See Bledsoe v. Barnhart*, 165 Fed. Appx. 408, 411 (6th Cir. 2006) (there is no heightened articulation standard at step three; the ALJ's factual findings must be supported by substantial evidence). The ALJ did not dispute that plaintiff met the IQ requirement under the listing or that he had a physical or other mental impairment imposing an additional and significant work-related limitation of function. Rather, the ALJ found that plaintiff failed to meet the adaptive functioning requirement of the listing. "Adaptive functioning refers to how effectively individuals cope with common life demands and how well they meet the standards of personal independence expected of someone in their age group, sociocultural background, and community setting." *Burbridge v. Commissioner of Social Security*, 572 Fed. Appx. 412, 415 n.2 (6th Cir. 2014) (citing Am. Psychiatric Assoc., *Diagnostic & Statistical Manual of Mental Health Disorders* 41-42 (4th ed. 2000)). Plaintiff contends that he had a deficit in adaptive functioning,

7

as evidenced by his history of special education classes and difficulty reading. The ALJ disagreed, noting that plaintiff had been employed as a machine operator and industrial truck driver for years, with his past work a punch press operator and industrial truck driver being semiskilled. PageID.59. In addition, plaintiff testified that he had lived on his own for years (PageID.73-74) and was currently helping out an older person by driving her to the doctor's office and stores (PageID.82-83). Based on this record, the ALJ's conclusion that plaintiff does not meet the "adaptive functioning" requirement of Listing 12.05C is supported by substantial evidence. Accordingly, plaintiff's claim of error is denied.

**B. The ALJ's RFC finding is not supported by substantial evidence under 20 C.F.R. §§ 404.1520a; 416.920a and SSR 98-6p.**

**1. The ALJ failed to consider all the effects of Plaintiff's symptoms and impairments on his ability to sustain work activity in determining his RFC.**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 404.1545. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). Here, plaintiff contends that the ALJ's RFC determination is flawed because he cannot perform medium work, which involves lifting between 25 and 50 pounds. The ALJ reached this determination based upon the opinion of Glen Douglass, M.D., a state agency medical consultant who opined that plaintiff could lift and/or carry 50 pounds occasionally and 25 pounds frequently. PageID.57.

Plaintiff contends that he cannot perform medium work because: he has knee and back impairments; he has pain with standing, walking, lifting, bending and stairs; symptoms

including pain, tenderness, and swelling; arthritis; x-ray results from December 2014 which "do not support a finding that he would be able to sustain the physical requirements of a medium or even light RFC"; and there is no evidence that he is able to lift and carry this amount of weight in his daily activities. Plaintiff's Brief (ECF No. 10, PageID.612-614). In essence, plaintiff is asking this Court to perform a de novo review of the evidence, weigh the evidence (such as x-ray results), and determine that he cannot perform medium work. Plaintiff's request is beyond the scope of this appeal. Judicial review of the Commissioner's decision is limited to determining whether the findings of fact made by the Commissioner are supported by substantial evidence and deciding whether the Commissioner employed the proper legal criteria in reaching her conclusion. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). This Court does not review the evidence de novo or weigh the evidence. *See Brainard*, 889 F.2d at 681. Accordingly, plaintiff's claim of error is denied.

> **2. The ALJ erroneously relied on the opinion of a non examining medical consultant whose opinion was rendered prior to the development of Mr. Moore's arthritis and his two bouts of Bell's palsy.**

a. Arthritis

Plaintiff contends that the ALJ erred by giving considerable weight to Dr. Douglass' July 2014 opinion that he could perform medium work, because the opinion was issued before plaintiff developed back and knee problems. Plaintiff's contention is without merit. "There is no categorical requirement that the non-treating source's opinion be based on a 'complete' or 'more detailed and comprehensive' case record." *Helm v. Commissioner of Social Security Administration*, 405 Fed. Appx. 997, 1002 (6th Cir. 2011). Accordingly, this claim of error is denied.

### b. Bell's palsy

Plaintiff contends that the ALJ failed to consider plaintiff's two incidents of Bell's palsy, which caused facial droop, preauricular pain, and affected plaintiff's ability to close his eyes, as well as the symptoms of his uncontrolled diabetes mellitus. Plaintiff contends that both of these conditions affected his ability to maintain concentration and pace in work activity.

As an initial matter, the ALJ evaluated both of these conditions and determined that they were not severe impairments:

> The claimant was diagnosed with type II diabetes mellitus, for which he has been prescribed oral medication and insulin (*See*, *generally*, 1F, 3F, 6F, and 9F). However, the record does not demonstrate evidence of urgent care, emergent evaluation, or hospitalization for treatment of abnormal glucose levels or symptoms of diabetes (*See*, *generally*, 1 F, 3F, 6F, and 9F). There also is no evidence of any complications from diabetes such as neuropathy, nephropathy, retinopathy, or gastroparesis (1F-3F, 6F, and 8F-9F). . . .
>
> In September 2014, the claimant was diagnosed with Bell's palsy with left sided symptoms, for which the claimant was prescribed medication (6F/1-6; *See also* 7F/1). The record demonstrates the claimant's Bell's palsy improved and in September 2015, she [sic] noted her [sic] left sided symptoms had completely resolved (6F/1, 9F/15, and 9F/54-55). In September 2015, she [sic] had Bell's palsy symptoms on the right side (9F/21-24). However, the record demonstrates improvement of this condition (9F/9-18). In December 2015, she [sic] had normal neurological findings as well as normal examination of the eyes (9F/3-6).

PageID.48.

The ALJ considered all of plaintiff's impairments, including the Bell's palsy and diabetes, in determining plaintiff's RFC. PageID.52-59. *See Hedges v. Commissioner of Social Security*, 725 Fed. Appx. 394, 395 (6th Cir. 2018) (failure to find impairments "not severe" at step two is legally irrelevant, because the ALJ must consider the limiting effects of all impairments, including those that are "not severe" at step four). Accordingly, plaintiff's claim of error is denied.

**3. The ALJ failed to consider all plaintiff's impairments in determining his RFC.**

Plaintiff's Brief did not include a separate discussion of this alleged error. The Court has addressed plaintiff's claims regarding the RFC in other sections of this opinion. Accordingly, this claim of error is denied.

## IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.

Dated: March 27, 2019            /s/ Ray Kent
                                                United States Magistrate Judge